UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| LARRY M. ADKISSON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | 3:25-CV-93-KAC-DCP |
| JACK STOCKTON, et al., | ) | |
| Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND OVERRULING OBJECTIONS

This civil action is before the Court on Plaintiff Larry M. Adkisson's Objections [Doc. 12] to United States Magistrate Judge Debra C. Poplin's "Report and Recommendation" ("Report") [Doc. 11]. Plaintiff, who is proceeding pro se, initiated this action by filing a (1) Motion for Leave to Proceed in Forma Pauperis [Doc. 1] and (2) a Complaint [Doc. 2] against various Defendants[1] arising out of his 2016 arrest and the subsequent revocation of his bond in Tennessee state court [*See* Doc. 2 at 5-11]. The Complaint appears to assert claims for fraud; conspiracy to commit fraud; and violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Plaintiff seeks relief under various criminal statutes [*Id.* at 2-5, 11-17, 22]. Plaintiff also represents that his "cause of action is the 7th Amendment supported in the terms and provisions of **18 U.S. Code § 3231**" and requests "a trial by jury" in accordance with his "7th Amendment Right" [*Id.* at 1, 23].

---

[1] Plaintiff lists the "State of Tennessee" in the caption of his "Common Law Complaint" [*See* Doc. 2 at 1]. But he does not identify the State of Tennessee as a party in the body of his Complaint [*See id.* at 5-6]. And the Complaint does not contain any factual allegations against the State of Tennessee [*See id.*]. Therefore, it does not appear that Plaintiff intended the State of Tennessee to be a party in this action. But even if he did, the Complaint fails to state any claim against the State of Tennessee [*See id.*]. So, the Court dismisses any intended claim against the State of Tennessee for failure to state a claim.

The Report granted Plaintiff permission to proceed in forma pauperis and recommends that the Court dismiss Plaintiff's Complaint under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e) (PLRA) for failure to state any claim upon which relief may be granted [*See* Doc. 11 at 2, 3, 11-12]. Plaintiff objects to the recommendation that his Complaint be dismissed [*See* Doc. 12]. For the reasons below, the Court overrules Plaintiff's objections, accepts and adopts the relevant portions of the Report, and dismisses Plaintiff's Complaint under 28 U.S.C. § 1915(e).

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party makes a timely objection under Section 636(b)(1)(C) and that objection is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), "the court shall make a de novo determination of those portions of the report," 28 U.S.C. § 636(b)(1)(C). Liberally construed, Plaintiff raises two legal objections to the Report [*See* Doc. 12]. The Court reviews conclusions of law de novo. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). A legal conclusion is contrary to law if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (internal quotations omitted). The Court addresses each of Plaintiff's legal objections in turn.

***First***, Plaintiff objects that his Complaint does not bring claims "under any statute," but rather under "Common Law" and the "7th Amendment" and that therefore "[t]he terms and provisions set forth in the (PLRA) and 42 U.S.C. § 1983 are not applicable in a '**Common Law**' complaint" [Doc. 12 at 2-3]. At the outset, the Report properly liberally construed Plaintiff's claims for alleged violations of the U.S. Constitution as being brought under 42 U.S.C. § 1983— the federal statute that most closely tracks the relief he requests in his Complaint. *See Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 174-75 (2023) (providing that Section

1983 provides the proper avenue for redress when a state actor deprives an individual of rights "secured by" the United States Constitution and federal law (citing 42 U.S.C. § 1983)). Moreover, even liberally construed, the Complaint asserts at most one "common law" claim[2]—that is, for fraud. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("there is no federal general common law"). And the Complaint fails to state a viable claim for fraud. *See Hansanaj v. Detroit Pub. Sch. Cmty. Dist.*, 35 F.4th 437, 447 (6th Cir. 2022); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (noting that the leniency granted to pro se plaintiffs "is not boundless" and pro se plaintiffs must still meet basic pleading requirements).

Further, the PLRA is applicable to this Complaint in this procedural posture because Plaintiff is proceeding in forma pauperis. *See* 28 U.S.C. § 1915(e)(2); *see also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). The Seventh Amendment does not contradict the PLRA. The Seventh Amendment guarantees a right to jury trial in certain civil actions. *See* U.S. Const. amend. VII; *see also Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 110 (2024) (holding that the Seventh Amendment extends not only to "suits at common law," but also to certain "statutory claims" (citation omitted)). But Plaintiff is not entitled to a jury trial on his Complaint where the Complaint fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Stolz v. J & B Steel Erectors, Inc.*, 439 F. Supp. 3d 980, 987 (S.D. Ohio 2020) (noting that the Seventh Amendment is a "procedural guarantee," that a jury will decide a plaintiff's suit but only if the plaintiff "in fact has a right to such a suit"); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 (1979) (explaining that resolving a civil case through certain "procedural devices" before the case reaches a jury does not violate the

---

[2] Plaintiff appears to concede that the criminal statutes he cites in his Complaint do not provide a right of action but asserts that he may seek relief for the "criminal violation of civil rights" "under the 'Common Law'" or Seventh Amendment [*See* Doc. 12 at 4]. Not so.

3

Seventh Amendment (collecting cases)). Because the Report properly concluded that the Complaint fails to state a plausible claim, Plaintiff is not entitled to any trial, jury or otherwise.

*Second*, Plaintiff objects to the Report's legal conclusion that Defendants Robert Edwards, Lauren Bennett, Russell Johnson, and Judge Jeffrey Wicks[3] "have immunity from prosecution" [*See* Doc. 12 at 4-6]. That objection fails. Even taking all the allegations in the Complaint as true, Defendants Edwards, Bennett, and Johnson are shielded from liability in this civil action due to prosecutorial immunity [*See* Doc. 2 at 11-13, 16]. *See Cooperrider v. Woods*, 127 F.4th 1019, 1028 (6th Cir. 2025) ("prosecutors are entitled to absolute immunity for actions taken within the scope of their duties"). And Defendant Judge Wicks enjoys judicial immunity for the acts alleged in the Complaint. *See id.* at 1030 ("all of a judge's actions taken in an official judicial capacity are immune from suit" (quotation omitted)). And even if they did not enjoy immunity, the conclusory allegations in the Complaint do not state a claim against them [*See* Doc. 11 at 7-9].

Because the portions of the Report to which Plaintiff objects are neither clearly erroneous nor contrary to law, the Court **OVERRULES** Plaintiff's Objections [Doc. 12]. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Further, the Court **ACCEPTS** and **ADOPTS** the relevant portions of the Report [Doc. 11] and **DISMISSES** this action. An appropriate judgment shall enter. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Therefore, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

---

[3] Plaintiff asserts that no Defendant is protected by "sovereign [or] qualified" immunity, [*see* Doc. 12 at 9], relying in part on the Tennessee Governmental Tort Liability Act, [*see id.* at 4-5], which relates to a government entity's immunity from tort liability, *see e.g.*, *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 78 (Tenn. 2001). But the Report did not rely on those immunity doctrines in recommending that the Court dismiss Plaintiff's Complaint.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge